FARLEY, State Excise Com'r, v. MORAN et al   (No. 176—145.)

(Supreme Court, Appellate Division, Fourth Department.   May 6, 1914.)

INTOXICATING LIQUORS (§ 86*) — LIQUOR TAX CERTIFICATE — APPLICATION — FALSE ANSWERS—ACTION ON BOND.

Premises for which a liquor tax certificate was granted had been devoted to the liquor traffic from 1884 to May, 1908, when as the result of a "dry" vote in November, 1907, the liquor traffic ceased with the expiration of the license the following May. In November, the town again voted "wet," as the result of which a new license could have been obtained in

October, 1910, but no application therefor was filed until July, 1912. The. premises were rented to P. in 1908, and used as a saloon until the town voted "dry," after which he used them as a barber shop and for his cigar and tobacco business. He received a new lease, however, from the landlord in June, 1911, and continued to occupy the premises as before until a new liquor tax certificate was applied for, to obtain which the landlord stated that the premises had been continuously used for traffic in liquors from 1884 to 1908, when the traffic was temporarily suspended. *Held*, that such answer was false, and justified a recovery on the bond.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 89; Dec. Dig. § 86.*]

Appeal from Trial Term, Herkimer County.

Action by William W. Farley, as State Commissioner of Excise, against Catharine Moran and another. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

A. G. Senior, of Utica, for appellants.
Louis M. King, of Schenectady, for respondent.

LAMBERT, J. This is a proceeding upon a bond given by the appellants to the people of the state of New York as a basis for the issuance of a liquor tax certificate. The cause of action is based upon alleged false material statements in the application for the liquor tax certificates. The first of such statements is contained in the answer to question No. 11 of such application. Such question is:

"Since what date have such premises been continuously occupied for such traffic in liquors?"

This was answered by the appellant Moran as follows:

"From 1884 to 1908, when traffic temporarily suspended."

The second of such alleged false statements is that said appellant Moran stated in such application that she might lawfully carry on such traffic in liquor upon such premises, under subdivision 1, therein referred to, and that she was not within any of the prohibitions of the liquor tax law.

The trial court found the falsity of each of such statements, and rendered a judgment against appellants. The sufficiency of the evidence to sustain the findings of falsity of such statements is the only substantial question presented by this appeal.

Concededly from 1884 to May, 1908, the premises were devoted to the liquor traffic. As the result of a vote in November, 1907, such liquor traffic therein ceased with the expiration of the license in May, 1908. In November, 1909, the town within which the premises are situated again voted "wet," and as a result of such vote, in October, 1910, licenses could again be obtained in such town. No application for a license for these premises was filed until July, 1912, a period of a year and nine months after the right to a license had been accrued.

It is urged by appellants that such suspension of the traffic was tem-

porary only, while the excise commissioner contends, and the court has found, that it constituted an abandonment of the traffic upon such premises, thereby establishing the falsity of the first of such alleged false statements.

It appears that one Palmer had been a tenant in possession of these premises since prior to 1908, and throughout the no-license period, and until about the time of the application for the license involved. Two rooms in the building in question had been theretofore devoted to the liquor traffic. These consisted of the bar room and a sitting room adjoining. In connection with the liquor traffic, Palmer had conducted upon such premises a cigar and tobacco business. After the no-license vote, and in 1908, Palmer removed the front bar from the bar room and installed in such room barber chairs, and from then on and throughout such no-license period, and continuing to about the time of the application for this license, he conducted in such room a barber shop. Under various written leases, Palmer continued in possession of the premises until June, 1911, at which time the appellant Moran executed to him a new lease of the premises for a year, and under which he continued in possession until the obtaining of this license.

Of course, Palmer in possession of the premises under his lease, and up to the making of the new lease in June, 1911, could devote the premises to such uses as he saw fit, and probably such devotion thereof would not prejudice the standing of the plaintiff, since same was beyond her control. However, in June, 1911, at the time when Palmer was then conducting upon the premises a barber shop, and at a time when the excise vote permitted a license to be taken out, the appellant Moran saw fit to make a new lease for a year, again placing these premises in the possession of Palmer and beyond her control. Her statement that she did not then know that he was conducting therein a barber shop is unbelievable. She resided in the same village, and she must be deemed to have known what was going on upon her premises. The only explanation for this unequivocal act upon her part is that she did not desire to again have Palmer resume the liquor traffic, because of his unreliability and dissolute habits, and that she was then, and thereafter continued, until the taking out of this license, to be engaged in a search for a proper and reliable tenant to again engage in such traffic upon such premises. While such an explanation is not very satisfactory, it is reasonably clear that a question of fact was presented as to whether or not the liquor traffic had been abandoned by the acts and conduct of the appellant Moran; and supported, as it is, by the long lapse of time when no such traffic was carried on and the making of the new lease in June, 1911, under the circumstances under which it was made, this court cannot say that the conclusion reached by the trial court upon such question is unsupported by, or is contrary to the weight of, the evidence. It must therefore be conceded that the falsity of the first alleged false statements has been made out.

The conclusion of fact sustaining the falsity of the first of such statements just as thoroughly establishes the untruthfulness of the second statement. Very likely the last of such statements is a legal conclusion; but it is clearly dependent, so far as here involved, upon the truth of the first of such statements. In any event, with it estab-

lished that the first was false, it is of no consequence, so far as relief to appellants is concerned, as to whether the second is false or not.

Applications of this character are to be determined upon the particular fact involved in each, and the conclusion of the trial court upon the fact here involved being supported in evidence, we must decline to interfere with the judgment rendered.

The judgment should be affirmed, with costs. All concur.